UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/21
```

Sierra,

                Plaintiff,

–v–

City of New York, *et al.*,

                Defendant.

20-cv-6159 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brings claims under 42 U.S.C. § 1983 and state law based on allegations that she was subjected to multiple improper strip searches while visiting an inmate at Rikers Island. Defendants move to dismiss, arguing that her claims are barred by the doctrine of *res judicata*. For the reasons that follow, Defendants' motion is GRANTED.

## I.  BACKGROUND

Plaintiff filed a complaint on August 7, 2020, alleging that on three occasions when visiting an inmate at Rikers Island correctional facility, she was subjected to invasive strip searches and inappropriate touching by officers at the security check in. Dkt. No. 1. Plaintiff asserts claims under 42 U.S.C. § 1983 against the City of New York, Department of Corrections Commissioner Cynthia Brann, and seven unnamed female officers. She also alleges intentional and negligent infliction of emotional distress under New York law against the individual defendants. *Id.* Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is now fully briefed. Dkt. No. 14.

## II. DISCUSSION

Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(6) on the grounds that her claims are precluded by the doctrine of *res judicata*. According to Defendants, Plaintiff is a member of the class in *Grottano et al. v. City of New York et al.*, 15 Civ. 9242 (RMB)(KNF), a class action that involved similar allegations against Defendants in this district and which was formally settled in June of 2019. Defendants argue that she is therefore barred from asserting her similar claims in this action.

"The doctrine of claim preclusion . . . holds that a prior decision dismissed on the merits is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000) (cleaned up). The doctrine applies if there has been "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (cleaned up). "There is of course no dispute that . . . a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984), including "a dismissal, with prejudice, arising out of a Settlement Agreement,'" *Melwani v. Jain,* No. 02 Civ. 1224(DF), 2004 WL 936814, at *7 (S.D.N.Y. Apr. 29, 2004) (quoting *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 287 (2d Cir.2002)).

Plaintiff does not contest that she is a member of the *Grottano* class, that there has been a final judgment in that action, and that therefore the doctrine of *res judicata* would in theory

2

preclude most of the claims she asserts in her complaint. Plaintiff nonetheless makes two arguments against the dismissal. Both arguments fail.

First, Plaintiff cross-moves for leave to opt-out of the *Grottano* class action, in which case she would arguably no longer be a class member and *res judicata* would not apply to her claims. Plaintiff moves pursuant to Federal Rule of Civil Procedure 6(b) and Rule 60(b), which give courts discretion to excuse a party's default or delay for equitable reasons in certain circumstances, including "the power to allow claimants to file late opt-out requests" if the deadline was missed due to excusable neglect. *Sanchez v. JMP Ventures, L.L.C.,* No. 13 CIV. 7264(GWG), 2015 WL 539506, at *6 (S.D.N.Y. Feb. 10, 2015) (cleaned up).[1] However, the Court is aware of no authority, and Plaintiff cites none, demonstrating that a court has the power to grant a class member leave to opt-out of a class in a *different* action over which that court does not preside.

In any event, Plaintiff has not provided a basis for excusable neglect under Rules 6(b) or 60(b). In deciding whether to excuse a missed deadline for excusable neglect, courts consider "(1) 'the danger of prejudice' to the party opposing the extension; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control' of the party seeking the extension; and (4) whether the party seeking the extension 'acted in good faith.'" *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d

---

[1] Plaintiff also moves for leave to opt-out late pursuant to New York CPLR §§ 2005 and 5015(a). Similar to Federal Rules of Civil Procedure 6(b) and 60(b), these provisions permit courts to excuse a party's default or delay for equitable reasons. However, it is well-settled that "[f]ederal courts sitting in diversity or exercising supplemental jurisdiction apply state substantive law and federal procedural law." *Pop Bar, LLC v. Fellows*, No. 12 Civ. 06647(TPG), 2013 WL 4446227, at *6 (S.D.N.Y. Aug. 19, 2013). "Classifying a rule as substantive or procedural is sometimes a subtle undertaking," but "where the matter in question is one covered by the Federal Rules of Civil Procedure, it is settled that . . . the Federal Rule applies." *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 150–51 (2d Cir. 1998). Rules 6(b) and 60(b) are directly on point and Plaintiff provides no basis for classifying N.Y. C.P.L.R. §§ 2005 and 5015 as substantive. Fed. R. Civ. P. 6(b) and 60(b) apply to Plaintiff's motion.

113, 129 (2d Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).  Defendants would undoubtedly be prejudiced by a late opt-out because they would be "exposed to liability that [they] had every reason to think had been foreclosed by the entry of the Settlement Agreement in federal court." *Id.* at 130.  Moreover, Plaintiff has not provided a compelling reason for missing the deadline.  Courts have denied late opt-out requests even where the individual did not actually receive notice of the deadline (so long as the notice provided was reasonably calculated to reach the individual).  *See Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 6538743, at *3 (S.D.N.Y. Nov. 6, 2020).  Here, Plaintiff was concededly well-aware of the opt-out deadline, and the fact that her counsel failed to timely act on her behalf is not a sufficient justification for failing to meet it.  *See Shumsker v. Citigroup Glob. Markets Inc.,* 569 F. App'x 16, 19 (2d Cir. 2014) (declining to accept the excuse that Plaintiff "and her counsel each thought the other was responsible for confirming [her] election to opt out.").  Lastly, Plaintiff waited eight months until after the deadline passed to try and opt-out.  Courts have found significantly less amounts of time to counsel against excusing the delay.  *See e.g.*, *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x 41, 44 (2d Cir. 2008) (one month).  Thus, even if in theory the Court had power to permit Plaintiff to opt-out, it would not exercise its discretion to do so.

      Plaintiff's second argument is that even if she cannot opt-out, *res judicata* does not bar her state law claims for intentional infliction of emotional distress and negligent infliction of emotional harm because those claims were not asserted in the *Grottano* action.[2]  Regardless of

---

[2] The question is not whether these claims were in fact raised in *Grottano*, but whether they could have been.  *Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir. 1991).  Whether the *Grottano* judgment precludes the state law claims "depends in part on (1) whether the same transaction or connected series of transactions is at issue, (2) whether the same evidence is needed to support both claims, and (3) whether the facts essential to the second were present in the first." *Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 418 (S.D.N.Y. 2005) (citing *Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir.1991)).  Plaintiff does not explain how her claims for emotional harm arise out of a different transaction, require different evidence or the presentation of different facts than in *Grottano*.

4

whether the claims are barred by *res judicata*, the Court declines to exercise supplemental jurisdiction over them because all of Plaintiff's federal claims must be dismissed. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018).

### III. CONCLUSION

Defendants' motion to dismiss is GRANTED.  Plaintiff's § 1983 claims are dismissed with prejudice and her state law claims are dismissed without prejudice.  This resolves Dkt. No. 14.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: September 28, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

5